**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBERT KEITH CLAIBORNE,

    Petitioner,

vs.                                           Case No.:    3:16-cv-744-J-39MCR
                                                                                 3:14-cr-22-J-39MCR

UNITED STATES OF AMERICA,

    Respondent.
_____

## **ORDER**

This case is before the Court on Petitioner Robert Keith Claiborne's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion).[1] Claiborne pled guilty to two counts of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a), and the Court sentenced him to concurrent terms of 188 months in prison as to each count. In the § 2255 Motion, Claiborne raises a single claim: that his sentence violates the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The United States has responded (Civ. Doc. 7, Response), and Brooks filed a supplemental brief in reply (Civ. Doc. 13, Reply). Thus, the matter is ripe for review.

Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[2], the Court has determined that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an

---

[1] Citations to the record in the underlying criminal case, United States v. Robert Keith Claiborne, No. 3:14-cr-22-J-39MCR, will be denoted as "Crim. Doc. __." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:16-cv-744-J-39MCR, will be denoted as "Civ. Doc. __."

[2] Rule 8(a) of the Rules Governing Section 2255 Proceedings requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

1

evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief). For the reasons set forth below, Claiborne's § 2255 Motion is due to be denied.

## I.     Background

On March 19, 2014, a grand jury returned a superseding indictment charging Claiborne with seven counts of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a).[3] (Crim. Doc. 18, Superseding Indictment). Claiborne pled guilty to two of the counts (Counts Three and Seven) under a written plea agreement. (Crim. Doc. 34, Plea Agreement). In exchange for Claiborne's guilty plea, the United States agreed to dismiss the remaining charges. Id. at 3.

Before the sentencing hearing, the Probation Office determined that Claiborne's total offense level was 21 and his Criminal History Category was IV. (Crim. Doc. 42, Presentence Investigation Report [PSR] at ¶¶ 58, 75). Claiborne's Criminal History Category was driven by the fact that in 1997, he was convicted of six counts of bank robbery in the United States District Court for the Eastern District of Louisiana, and that he committed the instant bank robberies while still under supervised release for the prior bank

---

[3]     Section 2113(a) provides, as relevant here, that

> [w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another … any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association … [s]hall be fined under this title or imprisoned not more than twenty years, or both.

robbery convictions. Id. at ¶¶ 72-75.[4] Neither party objected to the Sentencing Guidelines calculation (Crim. Doc. 55, Sentencing Tr. at 3-4), which yielded an advisory sentencing range of 57 to 71 months in prison. However, the United States moved for an upward departure, arguing that the Guidelines calculation underrepresented the severity of Claiborne's conduct and his criminal history. (Crim. Doc. 39, Motion for Upward Departure). The United States requested that the Court sentence Claiborne to two consecutive terms of 188 months in prison. Claiborne's federal public defender opposed the upward departure and suggested that a sentence within the Guidelines range was adequate. (Crim. Doc. 43, Sentencing Memorandum).

At the sentencing hearing, the Court heard from both parties and considered their arguments. Ultimately, the Court explained that the seriousness of Claiborne's offenses, Claiborne's criminal history, and the need to deter future criminal conduct warranted an upward variance to a term of 188 months in prison. See Sentencing Tr. at 38-49. However, the Court declined the government's invitation to run the sentences consecutively, finding that such a sentence would be too extreme. Id. at 39. Thus, the Court imposed concurrent terms of 188 months in prison as to Counts Three and Seven, followed by a three-year term of supervised release. (Crim. Doc. 45, Judgment).

Claiborne appealed his sentence to the Eleventh Circuit Court of Appeals, arguing that the Court failed to set forth facts justifying the upward variance in its written Statement of Reasons. United States v. Claiborne, 626 F. App'x 848, 849 (11th Cir. 2015). The Eleventh Circuit rejected the argument, finding that the omission was a harmless clerical

---

[4] Claiborne was sentenced to a term of 188 months in prison for the convictions in the Eastern District of Louisiana. PSR at ¶ 72. The Fifth Circuit Court of Appeals affirmed Claiborne's prior convictions and sentence in United States v. Claiborne, 132 F.3d 253 (5th Cir. 1998).

3

error and ruled that this Court "orally provided ample reasons for its decision." Id. at 851. Thus, the court affirmed Claiborne's conviction and sentence. Claiborne did not petition the Supreme Court for certiorari review. He filed the instant § 2255 motion less than a year later.

**II.    Discussion**

Under Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges on four grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C §2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979); Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc).

Claiborne argues that his sentence violates the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551. In Johnson, the Supreme Court struck down a provision of the Armed Career Criminal Act (ACCA) called the "residual clause." See 18 U.S.C. § 924(e)(2)(B)(ii). As part of a recidivist sentencing scheme, the residual clause helped define when a prior conviction qualifies as a "violent felony," thereby exposing a defendant to an increased mandatory minimum and maximum sentence.[5] The Supreme

---

[5]    Under the ACCA, if a person is convicted of being a felon in possession of a firearm, and he or she has three or more prior convictions for a "violent felony" or a "serious drug offense," or

4

Court struck down the residual clause because it was unconstitutionally vague and invited arbitrary enforcement. Johnson, 135 S. Ct. at 2557, 2563. However, the Supreme Court confined its holding to the residual clause and did not call into question any other part of the ACCA. See id. at 2563. Johnson said nothing about 18 U.S.C. § 2113(a), the bank robbery statute under which Claiborne was convicted and sentenced, which does not contain anything like the ACCA's residual clause. In Sessions v. Dimaya, the Supreme Court extended Johnson to strike down the residual clause in 18 U.S.C. § 16(b) as it applies in immigration cases, but the Supreme Court still said nothing implicating the bank robbery statute. 138 S. Ct. 1204, 1216 (2018). In Beckles v. United States, the Supreme Court held that the void-for-vagueness doctrine does not apply to the advisory Sentencing Guidelines, such that Johnson does not invalidate the residual clause of the Guidelines' career offender provision, U.S.S.G. § 4B1.2(a)(2) (2015).[6] 137 S. Ct. 886, 892, 894 (2017). Finally, in United States v. Davis, No. 18–431, the Supreme Court will decide the fate of 18 U.S.C. § 924(c)(3)'s residual clause in light of Johnson and Dimaya, but Davis does not implicate the constitutionality of the bank robbery statute either.

Claiborne was convicted and sentenced exclusively for unarmed bank robbery, in violation of 18 U.S.C. § 2113(a). See Judgment. Claiborne was neither convicted nor sentenced based on the ACCA, § 924(c), or § 16(b). Nor was Claiborne sentenced under the Guidelines' career offender provision (even though Johnson would not affect the validity of the career offender enhancement in any event). As such, Johnson and its progeny have no bearing on the legality of Claiborne's conviction and sentence for

---

both, each committed on different occasions, that person's sentencing range is increased from zero to ten years in prison to 15 years to life. 18 U.S.C. § 924(e)(1).

6     In 2016, the United States Sentencing Commission replaced § 4B1.2(a)(2)'s residual clause with an expanded enumerated crimes clause.

5

unarmed bank robbery.

Nor has Claiborne pointed to any authority holding that § 2113(a) is unconstitutionally vague. Indeed, this Court has found no such authority. Moreover, if Claiborne wished to challenge § 2113(a) as unconstitutionally vague, he could and should have done so on direct appeal. Because Claiborne did not raise a vagueness challenge to § 2113(a) on direct appeal, the claim is procedurally defaulted and he may not use 28 U.S.C. § 2255 as a vehicle to challenge the constitutionality of the bank robbery statute for the first time. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) ("Under the procedural default rule, 'a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.'") (quoting Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004)).[7] Accordingly, Claiborne's challenge to the legality of his conviction and sentence in this Court is due to be denied.

Throughout portions of his § 2255 Motion, Claiborne also seems to take issue with the sentence imposed in the previous 1997 federal criminal case out of the Eastern District of Louisiana. In that case, the district court did impose the Guidelines' career offender enhancement, and the Fifth Circuit affirmed the sentence on direct appeal. See Claiborne, 132 F.3d at 254-56. To the extent Claiborne challenges his previous sentence, this Court lacks authority to grant relief under 28 U.S.C. § 2255 because this Court did not impose that sentence. To obtain § 2255 relief, Claiborne would have to file a motion in the court that imposed the allegedly unlawful sentence. 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released

---

[7] Moreover, Claiborne does not advance any reason for avoiding the procedural default, such as actual innocence or cause-and-prejudice.

6

upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States … may move the court which imposed the sentence to vacate, set aside or correct the sentence) (emphasis added). In any event, the Sentencing Guidelines' career offender provision is not subject to a void-for-vagueness challenge, regardless of whether the sentence was imposed under post-Booker advisory guidelines or pre-Booker mandatory guidelines.[8] Beckles, 137 S. Ct. at 892, 894 (advisory sentencing guidelines are not subject to void-for-vagueness challenges); Lester v. United States, 921 F.3d 1306 (11th Cir. 2019) (Mem.) (Pryor, W., J., respecting denial of rehearing en banc) (explaining why mandatory sentencing guidelines are not subject to void for vagueness challenges); In re Griffin, 823 F.3d 1350, 1354 (11th Cir. 2016) ("The Guidelines—whether mandatory or advisory—cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge.") (citation omitted). As such, the Court cannot grant relief from Claiborne's previous sentence imposed in the Eastern District of Louisiana.

### III. Conclusion

Having considered the parties' filings and arguments, and finding that Claiborne's § 2255 Motion lacks merit, it is hereby **ORDERED**:

1. Petitioner Robert Keith Claiborne's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

2. The Clerk should enter judgment in favor of the United States and against Claiborne, and close the file.

---

[8] United States v. Booker, 543 U.S. 220, 258-60 (2005) (to avoid Sixth Amendment complications with mandatory sentencing guidelines, the United States Sentencing Guidelines must be treated as advisory).

7

3. If Claiborne appeals the denial of his motion, the Court denies a certificate of appealability (COA).[9] Because this Court has determined that a COA is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of May, 2019.

BRIAN J. DAVIS
United States District Judge

lc 19

Copies:
Counsel of record
Petitioner

---

[9] This Court should issue a COA only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court finds that a COA is not warranted.